# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD LEE ROGERS, SR.,           )
                                     )
                Plaintiff,           )
                                     )
        v.                           )   1:07CV328
                                     )
DAVIDSON COUNTY DETENTION CENTER     )
SARGENT [sic] MILAM,                 )
                                     )
                Defendant.           )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on two motions: 1) Defendant's Motion for Summary Judgment (Docket Entry 19); and 2) Defendant's Motion to Strike (Docket Entry 23). For the reasons that follow, Defendant's Motion for Summary Judgment should be granted and Defendant's Motion to Strike will be denied as moot.

### BACKGROUND

This case began on April 13, 2007, when Plaintiff filed a form Complaint pursuant to 42 U.S.C. § 1983 (which Plaintiff dated as completed on April 10, 2007). (Docket Entry 1 at 4.) In the caption of the Complaint, Plaintiff identified the defendant as "Davidson County Detention Center Sargent [sic] Milam." (Id. at 1.)[1] In section IV of the form Complaint entitled "Parties," under the heading for "Defendant(s)," Plaintiff listed "Sargent [sic] Milam," whom he further described as a "Davidson County Sargent" [sic] employed at the "Davidson County Detention Center." (Id. at

---

[1] Plaintiff often uses only capital letters, as do certain forms he attached to his Complaint. (See Docket Entry 1.) In quoting such text, for ease of reading, this Memorandum Opinion relies on standard capitalization conventions.

2.) The Court construes the instant case as brought only against Sergeant Milam.[2]

Section V of the form Complaint bears the title "Statement of Case." (Docket Entry 1 at 3.) The instructions thereto directed Plaintiff to set out the facts of his case "by describing how each defendant . . . is personally involved in depriving [him] of [his] rights. Include relevant times, dates, and places." (Id.) The directions further state: "Number and set forth each separate claim in a separate paragraph." (Id.) Following these admonitions, Plaintiff set forth these claims against Sergeant Milam:

1) on "March 6, 2007 at 6:30 AM Sargent [sic] Milam accompanied by Major Shoaf and [sic] violated [Plaintiff's] civil rights by aiding and abetting Major Shoaf [sic] death threats and verbally aided the harassment" (id.);

2) on March 6, 2007, at 6:30 a.m., Sergeant Milam "was told [by Major Shoaf] to enforce [Major Shoaf's] racial cause by giving the bare minimum" (id.);

---

[2] Plaintiff has instituted numerous other actions against officials connected to the Davidson County Detention Center. See Rogers v. Davidson County Detention Ctr. of Lexington N.C. et al., 1:07CV141 (M.D.N.C.) (compl. filed Feb. 9, 2007); Rogers v. Davidson County Detention Ctr. Lt. Bailey, 1:07CV323 (M.D.N.C.) (compl. filed Apr. 13, 2007); Rogers v. Davidson County Detention Ctr. Capt. Hartsell, 1:07CV324 (M.D.N.C.) (compl. filed Apr. 13, 2007); Rogers v. Davidson County Detention Ctr. Maj. Shoaf, 1:07CV326 (M.D.N.C.) (compl. filed Apr. 13, 2007); Rogers v. Davidson County Sheriff David S. Grice, 1:07CV327 (M.D.N.C.) (compl. filed Apr. 13, 2007). By Order dated January 31, 2008, the Court (per United States Magistrate Judge Russell A. Eliason), consolidated all five of Plaintiff's cases filed on April 13, 2007, for purposes of discovery. (Docket Entry 13.)

3) on "March 10, 2007 at 1:30 PM . . . [Plaintiff's] fiancé . . . and son . . . was [sic] racially discriminately [sic] denied visitation of [Plaintiff] by Sargent [sic] Milam" (id.); and

4) "[o]n March 24, 2007 at 6:00 AM [Plaintiff] was bitten by a spider [and] quickly informed Sargent [sic] Milam for emergency medical assistance, but he ignored [Plaintiff's] request for treatment the entire day and night leaving [Plaintiff] for dead and suffering" (id.).

It appears from a published decision of the North Carolina Court of Appeals that, at the time of the incidents in question, Plaintiff was a pretrial detainee in Davidson County:

> [Plaintiff and his wife] separated in 2004. [Plaintiff] moved out of the house but [his wife] retained custody of their two children. On 19 November 2005 [Plaintiff] forcibly entered the home [his wife] shared with the two children and forced [his wife] to have sex with him. [Plaintiff's wife] reported the incident to the police and [Plaintiff] was arrested on 20 November 2005.
> . . . .
> [Plaintiff] was tried before a jury from 14 to 17 August 2007 in Superior Court, Davidson County. On 17 August 2007 the jury returned guilty verdicts for felonious breaking and entering, habitual misdemeanor assault, second degree rape and second degree sexual offense.

State v. Rogers, 194 N.C. App. 131, 132, 136, 669 S.E.2d 77, 79, 81 (2008), pet. for discretionary review denied, ___ N.C. ___, 676 S.E.2d 305 (2009).

Section III of the form Complaint bears the title "Exhaustion of Inmate Administrative Remedies." (Docket Entry 1 at 2.) Question A in that section asks: "Did you present the facts of each claim relating to your complaint to the Inmate Grievance Commission or any other available administrative remedy procedure?"

-3-

(Id.) Plaintiff responded by checking the space for "Yes." (Id.) As to the further inquiry, "When did you file your grievance?", Plaintiff wrote: "February 1, 2007." (Id.) As to the question, "What was your grievance?", Plaintiff stated: "My federal and states [sic] civil rights are being violated." (Id.)

The form Complaint further inquired as follows: "Did you appeal any adverse decision to the highest level possible in the administrative procedure?" (Id.) Plaintiff answered "No." (Id.) In response to the form Complaint's request for an explanation for this failure, Plaintiff stated: "March 5, 2007 upon being served with civil rights action suit, Major Shoaf placed me on 24 hour solitary confinement without just cause with no [sic]." (Id.)

Plaintiff attached photocopies of two "Davidson County Jail Inmate Grievance Form[s]" to his form Complaint. (Id. at 5-6.) The first such form identifies "Today's Date" as March 27, 2005, and the "Date of Incident" as March 5, 2007. (Id. at 5.) Plaintiff marked the spaces indicating that he was pursuing both a "Grievance" and an "Appeal." (Id.) As to the "Persons Involved," Plaintiff identified only himself. (Id.) On the line seeking a "Summary of Incident/Complaint," Plaintiff wrote "Solution? Multiple apologies made but will comply to necessary!" (Id.) In response to the grievance form's directive asking inmates to "indicate where the incident took place and why [they] feel that this should be filed as a grievance or appeal," Plaintiff made the following statement:

> Major, what [sic] we or I have to do to see common
> ground? Relief? I am still awaiting your answer of my
> first request?
> Why? Or how can I go about positives here when all I
> receive is [sic] negatives? I only want the same
> treatment as any other human being, what do I have to do
> to achieve fairness? Tell me?

(Id.)

The second attached "Davidson County Jail Grievance Form" lists "Today's Date" as April 3, 2007, and the "Date of Incident" as March 24, 2007. (Id. at 6.) Plaintiff marked the spaces reflecting his pursuit of a "Grievance" (not an "Appeal"). (Id.) Regarding the "Persons Involved," Plaintiff listed "Nurses Julie and Fran," "Officer Rabon," and "my personal and private areas." (Id.) In response to the grievance form's request for a "Summary of Incident/Complaint," Plaintiff responded "Both." (Id.) Following the pre-printed instruction asking inmates to "indicate where the incident took place and why [they] feel that this should be filed as a grievance or appeal," Plaintiff wrote:

> I need to contact by phone "now" please my doctor as
> instructed by the nurses here because they can't
> medically examine my scrotum spider bite here[.] I have
> been bitten since 3-24-07[.] I have written multiple
> requests [sic] have been unanswered, I need emergency
> medical assistance, I must talk with my doctor[.]
> Officer Rabon knows what the nurses said[.] I can't used
> these phones to call hospital[.]

(Id.)

Plaintiff also attached a "Davidson County Jail Inmate Request Form" dated March 27, 2007, directed to "Ms. Moore, Jail Accountant." (Id. at 7.) On the form, Plaintiff wrote:

> How should I comply?
> I'm willing to do what it takes for redemption, Ma'am.

-5-

Case 1:07-cv-00328-TDS-LPA   Document 25   Filed 06/17/10   Page 5 of 14

> I have repeatedly apologized for the conflict of interest about you, Ms. Moore.
> I am willing to display my earnest and deepest regards for remorse in writing and asks [sic] that I make office phone contact with my law offices to end the conflict of interest, Ma'am.

(Id.) Below the foregoing comments, in different handwriting, the following words appear: "Write the Captain. This don't [sic] deal with Jail Finance." (Id.)

On October 1, 2008, Defendant moved for summary judgment, including on the ground that Plaintiff failed to exhaust administrative remedies. (Docket Entry 19 at 1; Docket Entry 20 at 13-16.) On October 9, 2008, Plaintiff filed a document lacking a proper caption that contained the heading "In the civil case 1:07 141 & 323 & Rogers vs Davidson County Detention Official" and an introductory sentence that stated "I oppose the defendants [sic] motion to dismiss through summary judgment under Section 1983 against my civil rights as a citizen of the United States of America . . . ."; understandably, the Clerk's Office docketed this filing only in the two cases Plaintiff referenced by case number. See Rogers v. Davidson County Detention Ctr. of Lexington N.C., et al., No. 1:07CV141 (M.D.N.C.) (Docket Entry 43); Rogers v. Davidson County Detention Ctr. Lt. Bailey, No. 1:07CV323 (M.D.N.C.) (Docket Entry 23). Nowhere in said document did Plaintiff respond to Defendant's non-exhaustion argument. (See id. at 1-8.)

On April 7, 2009, in a different case, Plaintiff filed a document captioned as "Written Objections III and Opposition Response Federal Civil Rules." Rogers v. Davidson County Detention

-6-

Ctr. of Lexington N.C., et al., No. 1:07CV141 (M.D.N.C.) (Docket Entry 47). Nowhere in said document did Plaintiff address Defendant's non-exhaustion argument. See id. Despite the fact that the foregoing document was not docketed in this case, Defendant thereafter moved to strike it as an untimely and procedurally improper response to his summary judgment motion. (Docket Entry 23.)

DISCUSSION

"In response to an ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary, Congress in 1996 passed the Prison Litigation Reform Act ["PLRA"]." Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005). "Of importance to this case is the PLRA's exhaustion-of-remedies requirement." Id. "[T]he PLRA's exhaustion requirement is mandatory." Id. at 677. Moreover, the United States Court of Appeals for the Fourth Circuit has recognized that, in some cases, "a complaint may clearly show that an inmate has not exhausted his administrative remedies." Id. at 682.[3] This case represents just such a circumstance.

---

[3] The PLRA's exhaustion requirement applies to "prisoner[s] confined in any jail, prison, or other correctional facility," 42 U.S.C. § 1997e(a), and, for purposes of this requirement, "'prisoner' means <u>any person</u> incarcerated or <u>detained in any facility who is accused of</u>, convicted of, sentenced for, or adjudicated delinquent for, <u>violations of criminal law</u> or the terms and conditions of parole, probation, pretrial release, or diversionary program," 42 U.S.C. § 1997e(h) (emphasis added).

As detailed above, Plaintiff apparently alleges that Defendant violated Plaintiff's rights under the United States Constitution while he was in pretrial detention:

1) on March 6, 2007, by "accompan[ying]" Major Shoaf, by "aiding and abetting Major Shoaf['s] death threats," and by "verbally aid[ing] the harassment" (Docket Entry 1 at 3);

2) on March 6, 2007, by being "told [by Major Shoaf] to enforce [Major Shoaf's] racial cause by giving the bare minimum" (id.);

3) on March 10, 2007, by denying Plaintiff visitation with his fiancé and son for racially discriminatory reasons (id.); and

4) on March 24, 2007, by "ignor[ing] [Plaintiff's] request for treatment [for a spider bite] the entire day and night leaving [Plaintiff] for dead and suffering" (id.).

However, as documented above, Plaintiff's Complaint clearly shows that he did not exhaust his administrative remedies as to these matters. Further, again as set out above, Plaintiff's Complaint establishes that the facility where these alleged events occurred had an internal administrative grievance process, that Plaintiff was familiar with that process, and that Plaintiff used that process during his pretrial detention. Under these circumstances, this Court should follow the approach that it and other district courts in the Fourth Circuit have taken in prior such situations and dismiss Plaintiff's instant action. See Terrell v. Wilson, No. 7:09CV130, 2009 WL 1076295, at *1-2 (W.D. Va. Apr. 21, 2009) (unpublished); Lawson v. Berg, C/A No. 9:07-907-

-8-

JFA-GCK, 2008 WL 4200328, at *1-3 (D.S.C. Sept. 2, 2008) (unpublished); Moore v. Scotland County Jail, No. 1:05CV527, 2006 WL 2168940, at *1-2 (M.D.N.C. June 28, 2006) (unpublished) (Dixon, M.J.), recommendation adopted, No. 1:05CV527 (M.D.N.C. July 31, 2006) (unpublished) (Beaty, J.).

The conclusory allegation in the Complaint that Plaintiff filed a grievance as to the claims at issue does not require a different result. First, as set out above, Plaintiff's Complaint alleges that he filed the grievance in question on February 1, 2007. Clearly, no grievance filed on that date could have addressed Defendant's alleged misconduct on March 6, 10 and 24, 2007. Moreover, although Plaintiff has attached copies of grievances he filed regarding other matters, Plaintiff has not attached any grievance form dated February 1, 2007, or even alleged specifically what complaints, if any, he made against Defendant in any such grievance. Nor do any of the grievance forms Plaintiff attached to his instant Complaint allege any misconduct by Defendant (on March 6, 10 or 24, 2007, or on any other date).[4]

Further, even if Plaintiff filed a grievance regarding the claims in this case, his Complaint acknowledges that he failed to exhaust the administrative process by "appeal[ing] any adverse decision to the highest level possible in the administrative procedure." (Id. at 2.) Plaintiff's attempt to excuse his failure to exhaust administrative remedies by citing his placement in

---

[4] The attached grievance regarding an alleged spider bite makes no reference to Defendant. (See Docket Entry 1 at 6.)

-9-

solitary confinement lacks merit. Whatever his custody situation, Plaintiff had the ability to file this and four other lawsuits in federal court on April 13, 2007. Plaintiff thus cannot credibly assert that he lacked the ability to file an administrative appeal as to any grievance. During the period at issue, Plaintiff apparently chose to draft federal lawsuits, not administrative appeals, and he must bear the consequences of that decision.[5]

Finally, Plaintiff has not alleged that he lacked knowledge of the relevant grievance system (nor, given Plaintiff's attachment to his Complaint of Davidson County Jail grievance forms he submitted regarding other matters and or persons, could Plaintiff plausibly so allege). As another district court in the Fourth Circuit recently observed when confronted with analogous circumstances: "Accordingly, the court cannot conclude that the grievance system was unavailable to Plaintiff on the facts of this case. Plaintiff was advised of and knew about the existence of the system, and he could have asked for any further information he required." Graham v. County of Gloucester, 668 F. Supp. 2d 734, 740 (E.D. Va. 2009).

Even if Plaintiff failed to appreciate his entire range of options in the Davidson County Detention Center grievance system, that fact would not excuse his noncompliance with the PLRA's exhaustion requirement. See id. at 741 (citing authority from the

---

[5] The one attached grievance form that, in the light most favorable to Plaintiff, arguably could support the view that Plaintiff appealed some administrative claim(s), does not reference Defendant in any way. (See Docket Entry 1 at 5 (checking box for "appeal" as well as "grievance" and referencing prior grievance, but referencing only a "Major" - presumably, Major Shoaf).)

Third, Sixth, Seventh, Eighth, and Tenth Circuits in holding that "a prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies"). Any approach that permitted prisoners to bypass administrative review and move directly into federal court simply by alleging lack of knowledge "would be undoubtedly routinely invoked." Id. at 740. In such a context, federal courts would have to evaluate the legitimacy of these regular claims of ignorance from prisoners seeking to avoid exhaustion, "a time-consuming task . . . fraught with uncertainty." Id. To construe the PLRA's exhaustion requirement in a fashion that produced such results would conflict with both the spirit and letter of the PLRA, which "was intended to 'reduce the quantity and improve the quality of prisoner suits'" and which contains no provision authorizing a court "'to excuse compliance with the exhaustion requirement, whether on grounds of futility, inadequacy or any other basis.'" Id. at 739-40 (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002), and Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000), respectively).[6]

---

[6] Given that Plaintiff knew something about the grievance process and has failed to allege that he tried, but was blocked from learning more, the few cases recognizing a "lack of knowledge" exception to the PLRA's exhaustion requirement would not apply even if the Court found those authorities persuasive. See Graham, 668 F. Supp.2d at 741 n.3 (noting that decisions from Eleventh Circuit, Southern District of New York, and Northern District of Illinois "are not all precisely and factually on point with the case at bar wherein Plaintiff had knowledge of the existence of the grievance system, and no evidence suggests that Defendants frustrated any effort by Plaintiff to learn more about the system").

Although Plaintiff's instant case could have been dismissed sua sponte without notice to him, see Anderson, 407 F.3d at 682 (authorizing sua sponte dismissal of cases without affording prisoner further opportunity to be heard "where failure to exhaust is apparent from the face of the complaint"), the Court did not do so in this case. Instead, this issue has come before the Court upon Defendant's summary judgment motion after Plaintiff has had a full and fair opportunity to respond. In the face of that privilege, Plaintiff has defaulted by failing to file a response that addresses the non-exhaustion issue. Plaintiff's failure to address this argument constitutes a concession under the Court's Local Rules. See Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).

As a result, because, as to the non-exhaustion issue, Plaintiff "fail[ed] to file a response within the time required by [this Court's Local Rules], the motion [from Defendant] will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. R. 7.3(k). Plaintiff's status as a pro se litigant does not excuse his inaction. "As the United States Supreme Court observed in McNeil v. United States, 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those

-12-

who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Hewitt v. Hutchins, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004)(internal parallel citations and second set of internal quotation marks omitted).[7]

## CONCLUSION

Plaintiff's Complaint establishes that he failed to exhaust his administrative remedies as to the claim(s) he seeks to litigate in this federal action. The PLRA therefore precludes this case from proceeding at this time. Further, Plaintiff failed to respond to the portion of Defendant's summary judgment motion regarding this issue. Under this Court's Local Rules, Plaintiff thus has conceded this matter and Defendant's motion should be granted. Defendant's motion to strike Plaintiff's supplemental response in opposition to a summary judgment motion in a related case is moot.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket Entry 19) be **GRANTED** to the extent it relies on Plaintiff's failure to exhaust administrative remedies and that Plaintiff's instant action be dismissed without prejudice to re-filing if and when Plaintiff exhausts his administrative remedies as to the claims in question.

---

[7] Because Plaintiff's failure to exhaust his administrative remedies is clear, the undersigned United States Magistrate Judge will not assess Defendant's other arguments regarding summary judgment. Engaging in such analysis would defeat the PLRA's purpose of conserving federal judicial resources.

-13-

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Docket Entry 23) is **DENIED AS MOOT**.

>                    /s/ L. Patrick Auld
>                     **L. Patrick Auld**
>              **United States Magistrate Judge**

June 17, 2010